**Sebastian FAZZINO**

v.

**Christine CHIU.**

**Civ. No. H–90–767 (PCD).**

United States District Court, D. Connecticut.

Jan. 9, 1991.

---

John J. D'Elia, Kennedy & Johnson, New Haven, Conn., for plaintiff.

Trina A. Solecki, City Atty., Middletown, Conn. and Jon S. Berk, Gordon, Muir & Foley, Hartford, Conn., for defendant.

## RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, District Judge.

Plaintiff seeks damages for alleged violations of his constitutional rights, pursuant to 42 U.S.C. §§ 1983 and 1988, arising out of his arrest which he claims was made without probable cause. Defendant moves for summary judgment on the grounds that probable cause existed to arrest plaintiff, and that even if it did not, she is entitled to the defense of qualified immunity.

*Facts*

The undisputed facts are as follows. In September, 1988, Kristine Kulmacz reported to the Middletown Police, in person, that plaintiff, her ex-boyfriend, had entered her home without her permission and sexually assaulted her. Her complaint was assigned to defendant, a Middletown police officer, who asked Kulmacz to fill out a written complaint, detailing plaintiff's alleged unlawful activities. During the time that defendant was taking Kulmacz's statement, defendant observed that Kulmacz was crying, shaking, and afraid. Defendant also spoke to Brian Stafford, who had driven Kulmacz to the police station. Stafford stated that while he did not know the details, Kulmacz had told him that plaintiff assaulted her. He also stated that Kulmacz cried during the entire trip to police headquarters.

Later that day, defendant called plaintiff's home and left a message for him to contact her when he returned. Shortly thereafter, plaintiff contacted the Middletown police and spoke to defendant, who informed him of Kulmacz's complaint and requested that he come to the station. When plaintiff arrived that day, defendant observed that he was wearing the same clothing described by Kulmacz. Believing probable cause existed, defendant arrested plaintiff for sexual assault, burglary, and threatening.

*Discussion*

Rule 56(c), Fed.R.Civ.P., provides, in part, that summary judgment shall be granted only when a review of the entire record demonstrates "that there is no genuine issue as to any material fact." The burden falls upon the moving party to establish that no relevant facts are in dispute. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir.1975). Moreover, in determining whether a genuine issue has been raised, a court must resolve all ambiguities and draw all reasonable inferences against the

moving party. *United States v. Diebold Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curium); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980). Therefore, not only must there be no genuine issue as to the facts, but there must also be no controversy regarding the inferences drawn from them. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254–55, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986); *Schwabenbauer v. Board of Educ.*, 667 F.2d 305, 313 (2d Cir.1981).

Properly employed, summary judgment allows the court to dispose of meritless claims without a frivolous and costly trial. *Knight v. United States Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). It must, however, be used selectively to avoid trial by affidavit. *Judge v. Buffalo*, 524 F.2d 1321 (2d Cir.1975). Hence, the fundamental maxim remains that on a motion for summary judgment, a court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Heyman*, 524 F.2d at 1319–20. As long as the plaintiffs have adduced sufficient facts to substantiate the elements of their claims, summary judgment is inappropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986).

### Probable Cause

Defendant argues she is entitled to summary judgment because, as a matter of law, she had probable cause to arrest plaintiff. It is well established that where probable cause exists for an arrest, there is no fourth amendment violation, and thus no violation of constitutional rights, on which to ground an action pursuant to § 1983. *Baker v. McCollan*, 443 U.S. 137, 144–45, 99 S.Ct. 2689, 2694–95, 61 L.Ed.2d 433 (1979). Probable cause exists when an officer has knowledge of reasonably trustworthy information sufficient to warrant a person of reasonable caution to believe that an offense has been committed by the person arrested. *Calamia v. City of New York*, 879 F.2d 1025, 1032 (2d Cir.1989). Probable cause must be determined on the totality of the circumstances, including all the information available to the defendant officer. *Illinois v. Gates*, 462 U.S. 213, 230–32, 103 S.Ct. 2317, 2328–29, 76 L.Ed.2d 527, *reh'g denied*, 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983). The information known need not rise to the level of proving the offense beyond a reasonable doubt. *See Benson v. Grenstiner*, Civil No. H–89–231 (PCD) (D.Conn. Mar. 9, 1990), Ruling on Motion for Summary Judgment.

Defendant argues that based on Kulmacz's statement, her observance of Kaumacz's demeanor, her conversation with Brian Stafford, and the appearance of plaintiff when he arrived at the police station, probable cause existed, as a matter of law, to arrest plaintiff. Plaintiff argues, conclusorily, that "there is a genuine issue of fact present as to whether the arrest was supported by probable cause." Plaintiff's Memorandum at 8. Plaintiff points out that although he gave defendant a statement of his whereabouts at the time of the alleged assault, defendant made no attempt to verify this information, nor did she attempt to verify the information given to her by Kulmacz, before arresting defendant. In addition, plaintiff claims defendant made no investigation "into the physical facts of the alleged events," such as whether there were neighbors home at the time who might have heard something, or how plaintiff could have gained access from the basement into Kulmacz's livingroom.

"When the existence of probable cause is disputed, the determination as to whether there was probable cause is an issue of fact for the jury which precludes the granting of summary judgment." *Cartier, et al v. Lussier*, Civil No. H–88–739 (AHN), 1990 WL 308156 (D.Conn. Oct. 4, 1990), Ruling on Motion for Summary Judgment at 9–10 (citations omitted).

The issue presented in this case is whether there is a question of fact with respect to the existence of probable cause. Defendant has demonstrated that she acted on the complaint made to her by Kulmacz, who provided a statement describing plain-

tiff's conduct. The statement was corroborated, in part, by Kulmacz's appearance when she gave her statement a short time after the offense was alleged to have occurred, by the statement of Stafford, who brought her to the police station and described the victim as upset and having stated to him that she had been assaulted, and by the match of the clothing worn by plaintiff when he came to the police station a few hours after the incident, which matched the victim's description of what the plaintiff was wearing at the time of the assault. This information, known to defendant, in and of itself, constituted probable cause for plaintiff's arrest.

Plaintiff does not dispute defendant's having all of the foregoing information at the time of the arrest. Neither does he raise an issue of whether that information is sufficient to constitute probable cause. Rather, plaintiff offers evidence that defendant did not perform any investigation by which the information on which she relied might have been confirmed, questioned or refuted. He has suggested a number of inquiries in this regard, including an inquiry with respect to plaintiff's offer of an alibi and an accounting of his activities at the time of the alleged offense. He has not offered any evidence to suggest that defendant did not have the information which she claims to have had. There is, for example, no evidence to suggest that the victim did not make the statement defendant attributes to her, nor that plaintiff was not wearing the clothes defendant claims to have observed, in corroboration of those described by the victim as the clothes worn at the time of the incident.

Plaintiff's argument misses the point. In suggesting that the officer should have investigated further, he may have been correct insofar as that might have presented the best possible case on which to seek a conviction. Indeed, further investigation might have proven the victim's story to be subject to question or that plaintiff's alibi was reliably corroborated. Probable cause is, however, determined at the time of the arrest. The question is not what might have been developed from further investigation, but whether the facts known when,

and on which, defendant acted were sufficient to constitute probable cause. In other words, the relevant inquiry is not whether the statement on which defendant acted was true but whether defendant was truly told information which constituted a lawful basis on which to have found probable cause. On the record presented, as a matter of law, the information on which the officer acted did constitute probable cause and no trier of the facts could reasonably find to the contrary.

As there is no issue of fact that the information known to defendant and on which she relied would preclude a jury reasonably finding it did not constitute probable cause, there is no issue of fact as to defendant's having had probable cause to arrest plaintiff.

*Conclusion*

Accordingly defendant is entitled to summary judgment on plaintiff's claim that he was arrested without probable cause and thus the alternative basis on which defendant moves for summary judgment need not be addressed. Defendant's motion is, therefore, granted.

SO ORDERED.